COLLINS *v.* COLLINS.

1. PLEADING—VARIANCE CURED BY AMENDMENT.
   In a suit for a divorce from bed and board under the provisions of 3 Comp. Laws 1915, § 11398, a variance between the alleged dates of acts of adultery and the proofs was cured by a permitted amendment to the bill to conform to the proofs.[1]

2. DIVORCE—ADULTERY SHOWN BY PROOFS.
   Husband's acts of adultery, *held*, shown by the proofs, as found by the circuit judge.[2]

3. SAME—CONDONATION NOT SHOWN BY PROOFS.
   Condonation of husband's adultery, *held*, not shown by the proofs.[3]

4. SAME—SUPREME COURT HAS POWER BUT NOT INCLINATION TO MODIFY DECREE OF DIVORCE FROM BED AND BOARD.
   Although the Supreme Court has the power, on appeal by the husband from a decree of divorce from bed and board, granted to the wife, to modify the decree and grant a divorce from the bonds of matrimony, it is not inclined to do so, considering the evidence, which shows that the husband was guilty of repeated acts of adultery.[4]

Appeal from Houghton; Stone (John G.), J.   Submitted April 7, 1926.   (Docket No. 25.)   Decided June 7, 1926.

Bill by Anne Collins against John T. Collins for a divorce.   From a decree for plaintiff, defendant appeals.   Affirmed.

*Galbraith & McCormack,* for plaintiff.

*E. F. Le Gendre,* for defendant.

WIEST, J.   The original bill filed by plaintiff charged

---

[1]Divorce, 19 C. J. § 320; [2]Id., 19 C. J. § 355; [3]Id., 19 C. J. § 370; [4]Id., 19 C. J. § 482.

defendant with nonsupport, extreme cruelty, and adultery, and asked for a divorce from bed and board, under the provisions of section 11398, 3 Comp. Laws 1915. Defendant made denial. A supplemental bill was filed charging defendant with adultery committed after the filing of the original bill. Again defendant made denial. An amended bill was then filed charging other acts of adultery and asking for a decree of separate maintenance under the provisions of section 11479, 3 Comp. Laws 1915. Proofs were taken in open court, briefs submitted, and plaintiff asked that, in case defendant was not found guilty of refusal and neglect to support within section 11479, 3 Comp. Laws 1915, she be permitted to amend her bill to conform to the proofs, and a divorce be granted from bed and board. The court found defendant not guilty of refusal and neglect to support plaintiff, and permitted plaintiff to amend the prayer for relief by reinstating the prayer of the original bill for a divorce from bed and board, and granted both parties leave to take additional proofs. Additional proofs were taken, at the close of which plaintiff asked leave to amend the allegations in the bill relative to dates of acts of adultery committed in the cities of Iron Mountain, Gladstone, and Ishpeming, to conform to the proofs. Thereupon the court announced orally that a limited divorce would be granted on the ground of cruelty. The decree entered, however, found defendant guilty of adultery, as alleged in the last amendment to the bill, and divorced the parties from bed and board forever. The decree also provided for plaintiff's separate maintenance. Defendant appealed.

We are asked to hold (a) that there was a fatal variance between the dates of alleged adultery and the proofs offered; (b) that the proofs failed to prove adultery; (c) that if adultery was proven there was condonation, and (d) that if plaintiff was entitled to

a decree of divorce it should have been from the bonds of matrimony and not merely from bed and board. There was a variance between the alleged dates of acts of adultery and the proofs, but this was cured by the permitted amendment.     The proofs show the several acts of adultery were committed by defendant, as found by the circuit judge.

We are asked to discredit the testimony given by a woman who says she went with defendant and another man and woman to the three cities mentioned and there committed adultery with the other man while defendant and the other woman slept together.     .We may discount her testimony by placing her in the grade of her confessed measurement, but we cannot overlook the fact that she is, in some important particulars, corroborated by other testimony.     We pass this with the observation that she sinks herself as deep in the mud as she does defendant in the mire.

Condonation is predicated upon the fact that the parties occupied the same room and bed for nine days after the filing of the bill.     Considering the fact that the parties were beyond middle age, and that defendant made no claim of sexual relations during that period, we are not inclined to send the case off on a mere surmise.     We have the power, but not the inclination, considering the evidence in this case, to modify the decree granted.

The decree is affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.